**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MISTY MEYERS**                                                                                               **PLAINTIFF**

**v.**                                             **5:06CV0105-WRW**

**RONNIE MANKIN, Individually and
Officially, and GORDON PICKENS**                                                          **DEFENDANTS**

**ORDER**

Pending is Defendant Ronnie Mankin's Motion for Partial Summary Judgment (Doc. No. 13), in which he asks that the claims against him in official capacity be dismissed. The Motion is DENIED. Plaintiff argues that Defendants violated her First and Fourteenth Amendment rights by denying her procedural and substantive due process, freedom of association, and equal protection in violation of the U.S. Constitution and the Arkansas Civil Rights Act.[1] Plaintiff also brings claims under 42 U.S.C. § 1983 as well as pendant state law claims of interference with custody and intentional infliction of emotional distress.

**I.      Background**

Defendant Gordon Pickens ("Pickens") is the biological father of Plaintiff's minor child. Plaintiff, the primary custodian, allowed Pickens to pick the child up from day care on May 13, 2005, for weekend visitation. When Pickens arrived, he noticed bruises on the child and took him to the Delta Memorial Hospital. Pickens had his friend, Defendant Mankin ("Mankin"), a Desha County Deputy Sheriff, come to the hospital and investigate. Mankin reported the allegations of abuse to the

---

[1]Ark. Code Ann. §§ 16-123-101-108.

1

Arkansas Department of Human Services and to the Desha County Sheriff Don Smith, and called a DHS Supervisor, Libby Cox, to determine whether he should put the child in emergency custody.[2]

On May 15, 2005, when the child was not returned from visitation with Pickens, Plaintiff contacted the Star City Police Department. Plaintiff learned that Mankin had placed a 72-hour hold on the child. The child was returned to Plaintiff's custody, after court intervention, on May 17, 2005.

At the time of the incident, Plaintiff and Pickens were involved in a custody dispute. Plaintiff alleges that because Pickens dates Mankin's niece, the two men created the abuse allegations to interfere with custody and, in doing so, deprived her of due process.

## II.   Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial

---

[2]Doc. No. 13-2.

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

when no genuine issue of fact remains.[6] I must view the facts in the light most favorable to the party opposing the motion.[7] Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[8]

**III.    Analysis**

"[I]n a section 1983 action, a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality."[9] Because a suit against a public employee in his official capacity is actually a suit against the public employer,[10] "a § 1983 plaintiff must establish the existence of a policy or custom resulting in his alleged injury to recover against public employees in their official capacities."[11]

To establish municipal liability under § 1983, a plaintiff must show either (1) an express municipal policy; (2) a widespread custom; or (3) a deliberate act of a decision maker for the city which caused the injury.[12] Municipal liability attaches only where the decision maker possesses final

---

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Anderson*, 477 U.S. at 248.

[9]*Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005); (citing *Turney v. Waterbury*, 375 F.3d 756, 761-62 (8th Cir. 2004) (quoting *Yellow Horse v. Pennington County*, 225 F.3d 923, 928 (8th Cir. 2002)).

[10]*Beavers v. Bretherick*, No. 3:04CV00318-JLH, 2007 WL 1434866 at *4 (E.D. Ark. May 14, 2007); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

[11]*Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984).

[12]*Davis v. Carter*, 452 F.3d 686 (7th Cir. 2006).

authority to establish municipal policy with respect to the action ordered.[13] "[W]hether an official had final policymaking authority is a question of state law."[14]

In this matter, Ark. Code Ann. § 12-12-516 gives a police officer the authority to take a child into protective custody. In his deposition testimony, Defendant Mankin stated that putting a 72-hour hold on a child was standard procedure.[15] Mankin also stated that after talking with Ms. Cox and discussing the relevant law, he alone made the decision to put a hold on the child.[16] Mankin maintains that he followed Desha County policy when filling out the report on the incident.[17]

Mankin had the final authority under Arkansas law to take the action he did. Plaintiff has presented enough evidence that Mankin's actions were the result of municipal policy and were the cause of her alleged injury. Plaintiff has presented enough evidence to overcome summary judgment.

## IV. Conclusion

For the above stated reasons, Defendant's Motion is DENIED.

IT IS SO ORDERED this 6th day of July, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[13] *Butler v. City of Little Rock, Arkansas*, 863 F.2d 1398 (8th Cir. 1998).

[14] *Davidson v. City of Minneapolis, Minn.*, No. 06-2368, 2007 WL 1757421 at *8 (8th Cir. June 20, 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

[15] Doc. No. 13-2, p. 10.

[16] *Id.* at p. 11.

[17] *Id.* at p. 13.